## UNITED STATES v. GHADIALI et al.

### No. 9352.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 6, 1948.
Decided Feb. 9, 1948.

Dinshah P. Ghadiali pro se.

Grover C. Richman, Jr., Asst. U. S. Atty., of Camden, N. J. (Edgar H. Rossbach, U.

S. Atty., of Newark, N. J., on the brief), for the United States.

Before MARIS, McLAUGHLIN, and KALODNER, Circuit Judges.

PER CURIAM.

The defendants have appealed from their conviction in the district court for the district of New Jersey upon twelve counts of an indictment charging them with introducing into interstate commerce in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. chap. 9, certain devices known as Spectro-Chromes intended for use in the cure, mitigation, treatment and prevention of disease in man which were misbranded. The devices in question consisted of a cabinet equipped with a 1000 watt electric light bulb, an electric fan and water container for cooling purposes, two glass condenser lenses to focus the rays from the electric light bulb and five ordinary glass slides, each of a different color. Attached to the devices were plate labels bearing, in part, the following:

Guide". The patient was advised to adhere to a designated diet. He was directed to subject himself to "irradiation" while facing south or lying in a north and south position with his head to the north. The "tonations" from the Spectro-Chrome were to be taken at times specified by the defendants in the "Favorscope" which accompanied the device and which, they alleged, was compiled on the basis of solar, lunar and terrestrial radiant, gravitational influence.

The government presented a large amount of evidence which, if believed, was amply sufficient to support a finding by the jury that the labeling of the defendants' Spectro-Chrome device was false and misleading within the meaning of Sec. 502(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 352(a), in that the device did not have the therapeutic value which the labeling claimed for it. The jury, evidently believing the government's evidence, found the defendants guilty of violating the act. The defendants upon the present appeal have presented eleven points

"Spectro-Chrome Metry
Measurement And Restoration Of The Human
Radio-Active And Radio-Emanative Equilibrium
(Normalation Of Imbalance)
By
Attuned Color Waves
The Science Of Automatic Precision
No Diagnosis—No Drugs—No Manipulation—No Surgery
Originated, Developed, Applied, Copyrighted 1920 By
Colonel Dinshah P. Ghadiali, M.S.C.,
M.D., M.E., D.C., Ph.D., L.L.D., N.D., D.Opt., D.F.S., D.H.T., D.M.T., D.S.T., Etc.
Metaphysician And Psychologist"

The devices were accompanied by various pieces of printed matter, two of them being entitled in part "Spectro-Chrome Home Guide" and "Favorscope", which related to the devices and contained statements relative to their therapeutic value in the cure, mitigation, treatment or prevention of disease, and directions for their use. The directions called for doing what the defendants call "irradiating" the body of the patient with what the defendants describe as "attuned color waves" projected by the device through the colored glass slides. The particular slide or combination of slides required to produce the exact color said to be needed to treat a given disorder was specified in the "Spectro-Chrome Home

which they assert require the reversal of the judgment of the district court. We have examined with care each of the points raised by the defendants and we find each to be wholly lacking in merit. It would serve no useful purpose to discuss them in detail. Suffice it to say that our consideration of the case has left us completely satisfied that the defendants had a fair trial. Indeed the trial judge, if anything, leaned over backward to afford them the fullest opportunity to establish their defense and he submitted their case to the jury in a charge to which no objection was or fairly could be made.

The judgment of the district court will be affirmed.